

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.

Criminal Action No. 3:11-CR-287

RYAN S. SCHOOLCRAFT,

Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Government's Motion *in Limine* Regarding Proposed Mental Health Evidence (ECF No. 40), and the Government's Motion for Pretrial Psychiatric Examination of the Defendant and for Discovery (ECF No. 37). On February 1, 2012, the Court heard argument on the motions. For the reasons that follow, the Court GRANTS the motion *in limine* and DENIES AS MOOT the Government's Motion for Pretrial Psychiatric Examination of the Defendant and for Discovery.[1]

### I. BACKGROUND

On April 8, 2011, Defendant Ryan S. Schoolcraft was indicted on one count of assaulting, resisting, or impeding an officer, in violation of 18 U.S.C. § 111(a), in the Norfolk Division. On June 15, 2011, Schoolcraft's former attorney, Rodolfo Cejas, II, filed a motion for a pre-hearing psychiatric examination of Schoolcraft to determine whether he suffered

---

[1] Prior to filing the instant motion *in limine*, the Government filed a motion for a pretrial psychiatric examination of Schoolcraft and for discovery based on Schoolcraft's Federal Rule of Criminal Procedure 12.2(b) notice that he intended to "introduce expert evidence relating to a mental disease or defect, bearing on the issue of guilt." Because the Court has determined that Schoolcraft's mental health evidence will be excluded, the motion is moot.

1

from a mental disease or defect at the time of the instant offense that rendered him mentally incompetent to the extent that he was unable to understand the nature and consequences of his actions, and to determine whether he was suffering from a mental disease or defect rendering him incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Defense counsel's request was made in the wake of discussions with Schoolcraft and Schoolcraft's family members, as well as counsel's information that Schoolcraft had made six reported suicide attempts. For these reasons, the Court ordered a competency evaluation.

Dr. David E. Morrow, Forensic Psychologist at the Federal Detention Center in Englewood, Colorado, evaluated Schoolcraft and found that Schoolcraft was able to understand and appreciate the nature of his conduct during the instant offense, and that Schoolcraft was able to understand the nature of the proceedings against him and demonstrated the ability to consult with his attorney to assist in his defense. On December 9, 2011, pursuant to Dr. Morrow's evaluation, this Court held a competency hearing and found Schoolcraft competent to stand trial.[2]

## II. PARTIES' ARGUMENTS

The Government now moves to exclude any mental health evidence at trial by Schoolcraft on the grounds that such evidence is irrelevant to the issue of guilt and will only serve to confuse the issues before the jury. According to the Government, Schoolcraft intends to introduce testimony from his treating therapist that he suffers from "Disorder of Impulse Control," a mental health condition that causes him to "ha[ve] a limited ability to

---

[2] On November 18, 2011, Judge Smith of the Norfolk Division found it in the interest of justice to transfer the case to this Division because Schoolcraft's alleged conduct occurred in the Norfolk Division courthouse.

handle stressful situations and become[] frightened." (Gov't Mot. *in Limine* 2). In essence, Schoolcraft intends to present evidence of a diminished capacity, which the Government argues is irrelevant because Schoolcraft's charged offense under Section 111 is a general intent crime, and therefore, diminished capacity is not available as a defense. The Government further argues that because Schoolcraft has already undergone a mental evaluation, from which it was determined that he was sane at the time of the instant offense and competent to stand trial, any evidence offered of a diminished capacity, which does not negate any element of the charged conduct, would only serve to confuse the issues before the jury. Finally, the Government asserts that evidence of a diminished capacity is more properly regarded by the Court as potential mitigating evidence during sentencing should Schoolcraft be convicted.[3]

In response, Schoolcraft argues that evidence of his mental health is both relevant and material to the issues in the case. Schoolcraft contends that under the circumstances of this case, he has been charged with a specific intent crime, and the Government must provide a minimal *mens rea* of knowing or intentional to establish that he was aware of what he was doing at the time of the instant offense or did so intentionally. Schoolcraft argues that the Government must prove that he had the specific intent to commit the instant offense, namely that he intended to "forcibly or violently attempt or offer to do injury to another." (Def.'s Resp., ECF No. 41, at 5). Schoolcraft also argues that to challenge the other acts prohibited by the charged conduct under Section 111(a)—"resisting, opposing, impeding, or intimidating, with force"— state of mind evidence should be allowed. (Def.'s Resp., ECF No. 41, at 5). Schoolcraft further argues that evidence of his

---

[3] In support, the Government cites United States Sentencing Guidelines § 5K2.13, which provides that a downward departure may be warranted on the basis of a defendant's diminished capacity.

3

mental health is admissible and relevant on the issues of whether his actions were accidental, an honest mistake of fact (in terms of whether he knew he was being pursued and by a federal officer),[4] or in self-defense.

In its reply, the Government argues that its position that the charged offense is a general intent crime does not imply that it does not have a *mens rea* requirement, as Schoolcraft seems to suggest. The Government also reasserts its argument that Section 111 creates a general intent crime to which Schoolcraft cannot assert a diminished capacity defense. The Government also argues that Schoolcraft's arguments in favor of the evidence he seeks to introduce have been rejected by various courts and should be by this Court. Additionally, the Government relies on Federal Rule of Evidence 704 to exclude any expert testimony on the ultimate issue of whether a defendant had the requisite intent to commit the underlying offense.

### III. <u>DISCUSSION</u>

The Court finds that Defendant's mental health evidence should be excluded. While there does not appear to be any Fourth Circuit precedent directly on issue, an overwhelming number of courts persuasively weigh in the Government's favor. First, as the Government asserts, case law supports the conclusion that the charged conduct is a general intent crime. *See, e.g., United States v. Kimes*, 246 F.3d 800, 809 (6th Cir. 2001) (finding that assault under 18 U.S.C. §111 is a general intent crime); *United States v. Guler*, 295 Fed. App'x 861, 863 (8th Cir. 2008) (noting "only general intent to commit assault is necessary for conviction under 18 U.S.C. § 111"); *United States v. Vela*, 624 F.3d 1148, 1154 (9th Cir.

---

[4] The Supreme Court, in *United States v. Feola*, 420 U.S. 671 (1975), made clear that under Section 111 a defendant need not be aware that his victim is a federal officer to incur criminal liability. Therefore, this element does not require a defendant to form the specific intent to act against a federal officer.

4

2010) ("[Section] 111 defines a general intent, not a specific intent, crime."); *United States v. Ettinger*, 344 F.3d 1149, 1161 (11th Cir. 2003) (affirming the district court's ruling that § 111 is a general intent crime). Further, the case relied on by Schoolcraft, *United States v. Staggs*, 553 F.2d 1073 (7th Cir. 1977), was expressly overruled on the issue. *See United States v. Ricketts*, 146 F.3d 492, 497 (7th Cir. 1998) (explaining that the Seventh Circuit no longer follows *Staggs's* conclusion that 18 U.S.C. § 111 is a specific intent crime).

Second, those same circuits concluding that Section 111 creates a general intent crime found no error in the district courts' exclusion of diminished capacity evidence. *See, e.g., Kimes*, 246 F.3d at 809 (concluding that "the crime established in 18 U.S.C. § 111(a) is a general intent crime as to which evidence of diminished capacity is not admissible"); *Vela*, 624 F.3d at 1155 ("[A]t least three other circuits that have addressed the question have held that § 111 admits of no defense of diminished capacity. We have found no circuits to the contrary."); *Ettinger*, 344 F.3d at 1161 ("We hold that 18 U.S.C. § 111 is a general intent statute and that the district court did not err in denying Ettinger a diminished capacity defense.").

Additionally, *United States v. Worrell*, 313 F.3d 867 (4th Cir. 2002), sheds some light on the instant issues and lends support to the Government's position. In *Worrell*, the Fourth Circuit addressed the admission of diminished capacity evidence in a case where the defendant, just as Schoolcraft, was not pursuing an insanity defense. Defendant Worrell, charged on two counts of mailing threatening communications, in violation of 18 U.S.C. § 876, filed a Rule 12.2(b) notice to present expert testimony as to his mental condition. After receiving the defendant's expert's summary and proffered testimony, the government moved *in limine* to exclude any evidence of the defendant's mental health on two

5

grounds—one being that the expert's testimony did not negate the specific intent required for the charged offense. The court granted the government's motion to exclude. In affirming the district court's holding, the Fourth Circuit concluded that because the defendant was not pursuing an insanity defense, he was barred from offering evidence of his mental health as "an alternative defense" as it did not negate any element of specific intent in the underlying offense. *Id.* at 875.

Here, the Court finds that Section 111 defines a crime of general intent. Despite Schoolcraft's contentions, his proffered mental health evidence is nothing more than an attempt to offer evidence of a diminished capacity, which is not admissible. The evidence bears no relevance on the issues to be presented at trial and will be excluded.

## IV. **CONCLUSION**

For the foregoing reasons, the Court excludes Schoolcraft's mental health evidence. The Government's Motion *in Limine* is hereby GRANTED, and the Government's Motion for Pretrial Psychiatric Examination of the Defendant and for Discovery is hereby DENIED AS MOOT.

An appropriate order shall issue.

/s/
James R. Spencer
United States District Judge

ENTERED this __8th__ day of February 2012.